IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.            Criminal Case No. 3:16cr93

CARL ARMSTEAD JEFFERSON, JR.,

    Defendant.

### MEMORANDUM OPINION

This matter comes before the Court on Defendant Carl Armstead Jefferson, Jr.'s *pro se* Motion for Immediate Release and Motion for Compassionate Release (the "Motions for Compassionate Release"). (ECF Nos. 61, 66.) The United States responded in opposition (the "Opposition"). (ECF No. 70.) Jefferson did not reply and the time to do so has expired.

This matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons that follow, the Court will deny the Motions for Compassionate Release. (ECF Nos. 61, 66.)

### I. Background

On June 23, 2016, Jefferson was charged by criminal complaint with possession with intent to distribute 28 grams or more of cocaine base, commonly known as "crack," in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.)

On July 19, 2016, Jefferson was indicted on four criminal counts: one count of Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(B)(iii), one count of Possession with Intent to Distribute Heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), and one count of Possessing a Firearm in Furtherance of a Drug-Trafficking Crime in violation of 18 U.S.C. § 924(c). (ECF No. 8.) On November 2, 2016, Jefferson entered into a written plea agreement with the United States in which he pleaded guilty to Counts One and Four (Possession with Intent to Distribute Cocaine Base and Possessing a Firearm in Furtherance of a Drug-Trafficking Crime). (ECF No. 19.)

Prior to Jefferson's February 15, 2017 sentencing, the probation officer prepared the Presentence Report ("PSR"), summarizing Jefferson's offense conduct and his criminal history. (ECF No. 25.)

Regarding his underlying offense conduct, on June 22, 2016, officers observed Jefferson arrive in the parking lot of a Food Lion as a passenger in a red Jeep. (ECF No. 25 ¶ 4.) Shortly afterward, the red Jeep carrying Jefferson exited the parking lot and pulled into an adjacent shopping center parking lot. (ECF No. 25 ¶ 4.) Officers pulled their car in front of the Jeep to perform an investigatory stop, telling Jefferson and the other car occupants to put their hands up. (ECF No. 25 ¶ 5.) While he initially complied, Jefferson later placed his left hand near the center console and his back, which caused the officers to draw their weapons and demand the occupants show their hands to keep them visible. (ECF No. 25 ¶ 5.) One officer opened Jefferson's door and Jefferson removed bags from his left pocket that contained crack cocaine and heroin. (ECF No. 25 ¶ 5.) As Jefferson exited the car, an officer noticed a firearm on the passenger seat. (ECF No. 25 ¶ 5.) A subsequent search of the car and Jefferson revealed additional quantities of heroin wrapped in folded lottery tickets, a small quantity of heroin from

Jefferson's front pants pocket, a digital scale from a bag at Jefferson's feet in passenger seat, and $1,524 in cash from Jefferson's person. (ECF No. 25 ¶¶ 6–7.)

At sentencing, Jefferson's base offense level for his possession with intent to distribute cocaine base was 24. (ECF No. 25 ¶ 22.) Because there is a minimum term required by statute for the possession of a firearm in furtherance of a drug trafficking crime, there was no base offense level for that count. (ECF No. 25 ¶ 28.) Jefferson received a three-level reduction for his ultimate acceptance of responsibility under U.S.S.G. 3E1.1(a)–(b). (ECF No. 25 ¶¶ 29–30.) Jefferson's Total Offense Level was calculated to be 21. (ECF No. 25 ¶ 31.)

Jefferson's prior offenses established a Criminal History Category of IV. (ECF No. 25 ¶ 43.) His prior convictions include, among others, possession of cocaine, possession with intent to distribute cocaine base, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon. (ECF No. 25 ¶¶ 35–40.) Pursuant to the Sentencing Guidelines, Jefferson's Total Offense Level of 21 and Criminal History Category of IV resulted in a recommended sentencing range of 60-71 months. (ECF No. 25, at 26–27.) The Court sentenced Jefferson to 60 months' incarceration on Count One and 60 months' incarceration on Count Four, running consecutively, to be followed by four years of supervised release concurrently. (ECF No. 34, at 2–3.)

Jefferson is currently housed at USP Hazelton in Bruceton Mills, West Virginia. *See* Bureau of Prisons, *Fed. Inmate Locator*, https://www.bop.gov/inmateloc/. The Bureau of Prisons ("BOP") lists Jefferson's projected release date as June 22, 2027. *See id.*

On January 9, 2023, Jefferson filed his *pro se* Motion for Immediate Release. (ECF No. 61.) In the Motion, Jefferson appears to claim that because his "case is not violent", (ECF No. 61, at 1), it can no longer sustain a 18 U.S.C. § 924(c) conviction after the Supreme Court of

3

the United States announced in *United States v. Davis* that the residual clause in § 924(c)'s definition of a "crime of violence" was unconstitutionally vague. 139 S. Ct. 2319 (2019).

On January 10, 2023, the Court appointed the Federal Public Defender ("FPD") to represent Jefferson in this matter and ordered that, if Jefferson were eligible, the FPD file a Motion for Compassionate Release. (ECF No. 62, at 1–2.) Alternatively, the Court ordered that if, after a conscientious review of Jefferson's case, the FPD found the request for relief frivolous, the FPD should move to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). (ECF No. 62, at 2.) On January 11, 2023, the FPD moved to withdraw because "after a conscientious examination of the record, [the FPD] cannot say that a request for relief on behalf of . . . Jefferson has merit as a motion [for compassionate release], as . . . Jefferson previously filed a motion [for compassionate release], which was denied on July 29, 2021."[1] (ECF No. 64, at 1.) The Court granted the FPD's withdrawal and ordered Jefferson to file an amended *pro se* Motion for Compassionate Release. (ECF No. 65, at 1.) The Court warned Jefferson that if the Amended Motion for Compassionate Release only raised grounds for relief that were denied by the Court's July 29, 2021 Memorandum Opinion and Order, the Court may dismiss the Motions. (ECF No. 65, at 2.)

On February 13, 2023, Jefferson filed his *pro se* Amended Motion for Compassionate Release. (ECF No. 66.) As in January, Jefferson's Amended Motion for Compassionate Release still claims that his compelling reason for relief is that he was convicted under "a crime of violence" pursuant to 18 U.S.C. § 924(c). (ECF No. 66.)

---

[1] The FPD filed Jefferson's first Motion for Compassionate Release on March 30, 2021. (ECF No. 48.) The Motion was based on the COVID-19 pandemic and Jefferson's asthma. (ECF No. 48, at 1–3.) The Court denied the Motion on July 29, 2021. (ECF Nos. 59, 60.)

4

The United States opposes Jefferson's request for compassionate release, arguing that Jefferson has not demonstrated that he has exhausted his administrative remedies or that he has an extraordinary and compelling reason for release. (ECF No. 70, at 2–5.) Further, the United States argues that the sentencing factors set forth in 18 U.S.C. 3553(a) weigh against his immediate release. (ECF No. 70, at 5–6.)

## II. Legal Standard: Compassionate Release Under the First Step Act of 2018

In 2018, Congress enacted the First Step Act to provide incarcerated individuals the opportunity to directly petition the courts for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[2] Prior to the First Step Act in 2018, an individual could not petition the district court for relief on compassionate release grounds without approval from the BOP. *See Coleman v. United States*, 465 F. Supp. 3d 543, 546 (E.D. Va. 2020). Following enactment of the First Step Act, criminal defendants may petition courts on their own initiative to modify their sentences if "extraordinary and compelling reasons warrant such a reduction." *Id.* (quoting 18

---

[2] Section 3582(c)(1)(A) states:

The court may not modify a term of imprisonment once it has been imposed except that—(1) in any case—(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

U.S.C. § 3582(c)(1)(A)(i)). Before granting a reduction, courts must consider the factors set forth in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3582(c)(1)(A), and evidence of rehabilitation and other post-conviction conduct. *See United States v. Martin*, 916 F.3d 389, 397–98 (4th Cir. 2019) (requiring consideration of post-conviction evidence and statutory sentencing factors in the context of a sentence reduction sought pursuant to § 3582(c)(2)); *see also United States v. McDonald*, 986 F.3d 402, 411–12 (4th Cir. 2021) (extending *Martin* to motions filed pursuant to § 3582(c)(1)(B)). However, a petitioner's rehabilitation alone does not provide sufficient grounds to warrant a sentence modification. *See* 28 U.S.C. § 994(t).

### A. Exhaustion of Administrative Remedies

Although the Court generally cannot "modify a term of imprisonment once it has been imposed," the defendant may bring a motion to modify his or her sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020) ("Congress, aware of the BOP's history of extensive delays, also provided a '30-day lapse' alternative, under which a defendant may proceed directly to district court if his [or her] request is not acted on within that time."). "Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court." *Casey v. United States*, No. 4:18cr4, 2020 WL 2297184, at *1 (E.D. Va. May 6, 2020); *see also United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021).

6

### B. Courts Must Find Extraordinary and Compelling Reasons Justifying Compassionate Release

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The United States Sentencing Commission further defines "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, n.1; *see United States v. Kalivretenos*, No. 1:15cr00073, ECF No. 109, at *4 (E.D. Va. May 21, 2020). The Sentencing Commission identifies four instructive categories of extraordinary and compelling reasons that allow for a sentence to be modified: the petitioner's medical condition, age, family circumstances, and other reasons. U.S.S.G. § 1B1.13, n.1 (A)–(D).[3]

---

[3] The United States Sentencing Guideline § 1B1.13 provides that:

Upon *motion of the Director of the Bureau of Prisons* under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

    (1)    (A) extraordinary and compelling reasons warrant the reduction; or

                  (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13 (emphasis added).

7

The United States Court of Appeals for the Fourth Circuit has explained, however, that "[w]hen a defendant exercises his [or her] new right to move for compassionate release on his [or her] own behalf . . . § 1B1.13 does not apply, and . . . § 3582(c)(1)(A)'s consistency requirement does not constrain the discretion of district courts." *McCoy*, 981 F.3d at 281. "As of now, there is no [active] Sentencing Commission policy statement 'applicable' to the defendants' compassionate-release motions, which means that district courts need not conform, under § 3582(c)(1)(A)'s consistency requirement, to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction." *McCoy*, 981 F.3d at 283; *see also Kibble*, 992 F.3d at 332 (concluding that § 1B1.13 does not apply to compassionate release motions that inmates (or counsel acting on behalf of inmates) file directly with the district court).

Although there is no active United States Sentencing Commission Policy Statement, the Commission has submitted its 2023 Amendments to the Sentencing Guidelines to the United States Congress. The April 27, 2023 submission includes a proposed amendment to § 1B1.13. While the 2023 Amendments are subject to Congress' 180-day review period and are not yet enacted, the submitted 2023 Amendments illustrate the Commission's view on what could constitute "extraordinary and compelling reasons" for a sentence reduction under the First Step Act.

If Congress does not take action to the contrary, the 2023 Amendments will take effect November 1, 2023. The language in the 2023 Amendments § 1B1.13(b) states in relevant part:

> (5) Other Reasons.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).
>
> (6) Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that

8

has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

*See* United States Sentencing Commission, *Amendments to the Sentencing Guidelines*, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.

The *McCoy* court has noted, however, that any Guidelines, while helpful, are merely advisory and do not bind the Court. "[D]istrict courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

### III. Analysis

After due consideration, the Court will deny the Motions for Compassionate Release. (ECF Nos. 61, 66.) The extraordinary and compelling reason for relief submitted by Jefferson is a misapplication of the Supreme Court's decision in *Davis*. 139 S. Ct. 2319.

18 U.S.C. § 924(c)(1)(A) outlines the minimum sentence for "any person who, during and in relation to any crime of violence ***or drug trafficking crime*** . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." (emphasis added). In *Davis*, the Supreme Court found that 18 U.S.C. § 924(c)(3)(B)'s definition of a "crime of violence" is unconstitutionally vague.[4] 139 S. Ct. 2319. "After *Davis*, an offense qualifies as a crime of

---

[4] Section 924(c)(3) of Title 18 of the United States Code defines a "crime of violence" as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

9

violence only if it meets the definition in § 924(c)'s elements clause.[5]" *United States v. Green*, 67 F.4th 657 (4th Cir. 2023). Jefferson submits that because his underlying offense "is not violent" it can no longer sustain an 18 U.S.C. § 924(c) conviction after *Davis*. (ECF No. 61, at 1.)

However, Jefferson's 18 U.S.C. § 924(c) conviction was not for possessing a firearm in relation to a crime of violence; he was convicted for possessing a firearm in relation to a drug trafficking crime. (ECF No. 8 (Count 4 of the Indictment: Possessing a Firearm in Furtherance of a Drug-Trafficking Crime in violation of 18 U.S.C. § 924(c).) Therefore, *Davis* has no bearing on Jefferson's conviction or sentence. The request for relief is frivolous.

Accordingly, the Court finds it unnecessary to engage in an analysis of whether Jefferson exhausted his administrative remedies or whether the sentencing factors set forth in 18 U.S.C. 3553(a) support release.

## IV. Conclusion

For the reasons explained above, the Court will deny the Motions for Compassionate Release. (ECF Nos. 61, 66.)

An appropriate Order shall issue.

Date: 6-7-2023
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

---

    (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

[5] As noted above, Section 924(c)(3)(A) of Title 18 of the United States Code 18 U.S.C. defines a "crime of violence" as an offense that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).